IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:02-CR-0228-JOF |
| FLOY ANN NICHOLS, | : | |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER**

This matter is before the court on Petitioner's motion for reconsideration [121-1]; Petitioner's notice of appeal [122-1]; and Petitioner's motion to proceed *in forma pauperis* on appeal [127-1].

Petitioner, Floy Ann Nichols, pled not guilty and was convicted by a jury of (1) impeding the administration of justice by sending intimidating letters and threatening communications at court officers, 18 U.S.C. § 1503; (2) threatening to assault or murder a judge in retaliation for performing official duties, 18 U.S.C. § 115(a)(1)(B); (3) using the mail to place a person in another state in reasonable fear of death or serious bodily harm, 18 U.S.C. § 2261A(2); and (4) using the Postal Service to send threatening communications, 18 U.S.C. § 876. The Court of Appeals for the Eleventh Circuit affirmed Petitioner's convictions.

AO 72A
(Rev.8/82)

Petitioner then filed a motion in which she alleged that she was taking Ambien and was temporarily insane due to involuntary intoxication under the Insanity Defense Reform Act. Because she was not "competent," Petitioner alleged that the district court did not have jurisdiction to prosecute the case. Further, Petitioner alleged that this evidence was newly discovered because at the time Ambien was originally prescribed to her (in 1998), the only information available to physicians indicated no next-day residual side effects and memory impairment only during the peak drug effect. As a result of this, Petitioner seeks to change her defense to temporary insanity due to involuntary intoxication. The court denied Petitioner's § 2255 on a variety of grounds, and Petitioner filed the instant motion for reconsideration. (The same day, Petitioner also filed a notice of appeal which the court construes as a motion for certificate of appealability.)[1]

In her motion for reconsideration, Petitioner argues that at the time of the offense, she was taking the prescription drug Ambien and suffering from some kind of mental condition. She also points to the testimony of her medical expert, Dr. Jeffrey H. Klopper, who evaluated Petitioner and stated, "[b]ecause of her psychiatric condition, I do not believe that

---

[1] To clarify the procedural history of the case, the court notes that while Petitioner's § 2255 motion was pending, Petitioner filed a motion for mandamus with the United States Court of Appeals for the Eleventh Circuit. On November 23, 2007, the Court of Appeals denied Petitioner's motion for leave to file that motion *in forma pauperis*. The Court of Appeals allowed Petitioner thirty days to file a motion for reconsideration. On January 4, 2008, the Court of Appeals dismissed Petitioner's appeal on the mandamus action for lack of prosecution because she did not file a motion for reconsideration.

2

AO 72A
(Rev.8/82)

she could form the specific intent to violate these statutes." Petitioner also contends that because the Federal Drug Administration approved Ambien for distribution, it is not fair for another Government agency (presumably the Department of Justice) to protect the FDA from its own negligence. Finally, Petitioner contends that she was not competent at the time she committed the acts.

In an amendment to her motion for reconsideration, Petitioner again refers to the entirety of Dr. Klopper's proffered testimony. Petitioner asserts that Dr. Klopper's testimony is relevant not to show that Petitioner was or was not aware of what she was doing, but that she could not control herself. Finally, Petitioner argues that her § 2255 motion is timely because it was filed within a year of the denial of her writ of certiorari. In the alternative, Petitioner claims that she did not file a § 2255 motion, but rather a motion under the "Great Writ."

To the extent Petitioner relies on the testimony of Dr. Klopper to support her motion for reconsideration, the court notes that the Court of Appeals agreed with this court's decision to exclude the testimony of Dr. Klopper because it related to her ability to control her actions, evidence specifically barred by *United States v. Cameron*, 907 F.2d 1051 (11th Cir. 1990). Because the Court of Appeals has ruled on this issue, the court cannot address it again on Petitioner's motion for reconsideration here.

3

The only aspect of "timeliness" Petitioner addresses in her motion for reconsideration is her assertion that her § 2255 motion was timely because it was filed within a year of the Supreme Court's denial of her petition for a writ of certiorari. However, the court found that Petitioner's motion was not cognizable under § 2255 and had to be considered under some other mechanism. Further, in the alternative, the court concluded that Petitioner did not raise her "Ambien defense" in a timely fashion because she waited until at least seven months after knowing of the defense before raising it with the court. Moreover, the court held that Petitioner's allegations did not rise to the level of a "miscarriage of justice" because they did not relate to her "actual" innocence, but rather "legal" innocence.

Petitioner argues she did not file a § 2255 motion, but rather one under the "Great Writ." The court notes, however, that Petitioner used the language of "set aside, vacate, or correct" in her motion, which would indicate a § 2255 motion. In any event, the court considered Petitioner's motion under a variety of procedural rules and determined that she could not succeed on any. For the foregoing reasons, the court DENIES Petitioner's motion for reconsideration [121-1].

Petitioner filed a notice of appeal which the court construes as a motion for a certificate of appealability. Petitioner also filed a motion to proceed *in forma pauperis* on appeal.

4

In her notice of appeal, Petitioner does not indicate which issues she intends to pursue on appeal. The Eleventh Circuit has set forth the following instructions when considering a certificate of appealability:

> In *Slack*, the Supreme Court clearly laid out the tests that courts should apply in deciding whether to grant a COA, both as to claims disposed of by the district court on the merits and those disposed of on procedural grounds. "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner [seeking a COA] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604. Where a district court has disposed of claims raised in a habeas petition on procedural grounds, a COA will be granted only if the court concludes that "jurists of reason" would find it debatable both "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Franklin*, 215 F.3d at 1199 (quoting *Slack*, 529 U.S. at 483, 120 S. Ct. at 1604).

*Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Having reviewed Petitioner's claims, the court determines that Petitioner has not demonstrated that the issues are debatable among reasonable jurists; that a court *could* resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Accordingly, the court DENIES Petitioner's notice of appeal construed as a motion for a certificate of appealability [122-1].

Petitioner also files a motion to proceed on appeal *in forma pauperis*. Typically, before a litigant may proceed with her appeal *in forma pauperis*, this court must determine whether the appeal is taken in good faith. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a). An appeal is not taken in good faith when the litigant seeks review of issues which are frivolous.

5

*Ellis v. United States*, 356 U.S. 674 (1958); *Parsell v. United States*, 218 F.2d 232, 236 (5th Cir. 1955).[2]  *See also Coppedge v. United States*, 369 U.S. 438, 445 (1962) (frivolity is judged from objective standard).  An appeal is frivolous when the issues are without arguable merit and therefore futile.  *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citations omitted).  For the reasons explained in the court's order denying Petitioner's § 2255 motion, the court finds that the issues Petitioner would raise on appeal are without arguable merit.  Accordingly, the court DENIES Petitioner's motion to proceed *in forma pauperis* on appeal [127-1].

In sum, the court DENIES Petitioner's motion for reconsideration [121-1]; DENIES Petitioner's notice of appeal construed as a motion for certificate of appealability [122-1]; and DENIES Petitioner's motion to proceed *in forma pauperis* on appeal [127-1].

SO ORDERED, this 18th day of January 2008.

          s/ J. Owen Forrester
          J. OWEN FORRESTER
          SENIOR UNITED STATES DISTRICT JUDGE

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions that the former Fifth Circuit rendered prior to October 1, 1981.

6